RECEIVED
IN LAKE CHARLES, LA

JUN 2 3 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ASHLEY KING BARGE, ET AL. | : | DOCKET NO. 2:08-CV-180 |
| VS. | : | JUDGE MINALDI |
| CITY OF LEESVILLE, LOUISIANA, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment, filed by defendant John S. Craft, Sheriff of Vernon Parish [doc. 32]. Sheriff Craft seeks dismissal of all claims against him. The plaintiff, Ashley King Barge, did not file an opposition.

## PROCEDURAL HISTORY

On February 7, 2008, Ms. Barge filed civil action 08-180 in this Court against the City of Leesville, Leesville Police Department, and the Vernon Parish Sheriff's Department, alleging several state and federal constitutional violations arising out of the search and arrest of her father, O'Shea King, on February 8, 2007.[1] Mr. King was taken from the police station to the hospital in cardiac arrest as a result of cocaine toxicity.[2] He died at the hospital shortly after.[3] Although the search and arrest was led by the City of Leesville Police Department, certain members from the Vernon Parish Joint Narcotics Task Force assisted in obtaining information leading to a search warrant. Members

---

[1] Compl., 08-180 (Feb. 7, 2008) [doc. 1]. Mr. O'Shea's girlfriend was also arrested.

[2] Def.'s Ex. 10 (Dr. Granger Dep.) 9:1-11.

[3] *Id.*

1

of the Joint Narcotics Task Force and Sheriff Craft's Special Response Team entered the residence where the search and arrest occurred on February 8, 2007, but did not participate in the arrests or bookings.[4]

Also on February 7, 2008, Ms. Barge filed suit in the 30th JDC against the City of Leesville, certain unidentified Leesville City Police Officers, Sam Craft, and unidentified Vernon Parish Sheriff's Deputies.[5] On March 12, 2008, the City of Leesville removed this action to federal court, where it was given the caption 08-cv-351.[6] Ms. Barge added Sam Craft to her 08-180 suit.[7] On September 25, 2008, the two suits were consolidated.[8]

On April 29, 2008, this Court dismissed the Vernon Parish Sheriff's Department from the suit.[9] On June 2, 2008, this Court dismissed Ms. Barge's claims on behalf of the Estate of O'Shea King, defendant City of Leesville Police Department, and all claims arising under 42 U.S.C. §§ 1981, 1985, and 1986.[10] Jury trial is set for September 14, 2009.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted "when the pleadings, the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is

---

[4] Def.'s Ex. 1 (Craft Aff.)

[5] Notice of Removal, 08-cv-351 (March 12, 2008) [doc. 1-1].

[6] *Id.*

[7] Amended Compl., 08-cv-351 (March 31, 2008) [doc. 12].

[8] Order, 08-cv-351 (Sept. 25, 2008) [doc. 7].

[9] Mem. Order, 08-cv-180 (April 29, 2008) [doc. 16].

[10] Mem. Order, 08-cv-180 (June 3, 2008) [doc. 18].

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party submits summary judgment evidence, the non-movant has the affirmative duty to rebut the summary judgment motion with evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (requiring the non-movant to designate specific facts demonstrating that there is a genuine issue of material fact for trial). The Fifth Circuit has stated "[t]his burden is not satisfied with 'some metaphysical doubt as to the material facts,'...by 'conclusory allegations,'...by 'unsubstantiated assertions,'...or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (internal citations omitted).

## ANALYSIS

Ms. Barge alleges in her amended complaint that Sheriff Craft was "grossly negligent in failing to adequately train [] officers in the use of force to apprehend a suspect and the need for immediate medical attention for injured arrestees."[11] Ms. Barge alleges that Sheriff Craft is liable in his official capacity only.[12] Ms. Barge also alleges state law claims arising under the Louisiana Civil Code Articles 2315, 2315.1, 2315.2, 2316, 2317, and 2324, and under Sections 2, 3, 5, 7, 13, and 20 of the Louisiana Constitution.[13] She alleges that the officers involved failed to seek immediate medical attention for her father, and that her father was physically beaten using excessive force.[14] Sheriff Craft files this motion seeking dismissal of all claims against him.

A.) Section 1983 Claim

---

[11] Amended Compl., 08-cv-180, ¶ 22 (March 31, 2008) [doc. 12].

[12] *Id.* ¶ 5.

[13] *Id.* ¶ 1.

[14] *Id.* ¶¶ 14, 16.

"Liability under § 1983 for a supervisory official may exist based upon either '(1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008) (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)).

Ms. Barge does not allege that Sheriff Craft affirmatively participated in the act that caused the constitutional deprivation. Furthermore, Sheriff Craft presents competent summary judgment evidence that he had no involvement in the search, arrests, or any other facets of the operation.[15] There is no evidence in the record that would create an issue of fact as to whether Sheriff Craft affirmatively participated in the events of February 8, 2007.

Sheriff Craft also argues that he did not institute policies or fail to institute policies that deprived Mr. King of his constitutional rights. "To succeed on a failure to train claim, a plaintiff must show that '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Gates v. Texas Dept. of Protective & Reg. Services*, 537 F.3d 404, 435 (5th Cir. 2008) (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). "Deliberate indifference is a "'conscious' choice to endanger constitutional rights. [P]roof of deliberate indifference generally requires a showing of more than a single instance of the lack of training or supervision causing a violation of constitutional rights." *Mesa*, 543 F.3d at 274 (internal citations omitted).

Sheriff Craft's affidavit states that all of the Vernon Parish deputies involved with events of

---

[15] Def.'s Ex. 1 (Craft Aff.). Sheriff Craft's affidavit states that he had no knowledge about the February 8, 2007 search and arrest until after the search and arrest occurred. *Id.*

4

February 8, 2007 had undergone training "in the use of force appropriate in the apprehension of persons being arrested and training in the recognition for immediate medical attention."[16] Furthermore, Sheriff Craft also stated that only deputies with such training participated in the events of February 8, 2007.[17]

Also attached to the motion for summary judgment are affidavits from Deputy Sheriff Mark Ashworth, Deputy Sheriff Mike Gore, Deputy Sheriff Rodney Hunnicutt, Deputy Sheriff Rory Pollack, and Deputy Sheriff Randall Hayman.[18] These affidavits all state that the officers had training so as to notice when a person was impaired from illegal substances, and that Mr. King did not appear to be impaired.[19] Deputy Sheriff Steven Moss stated that he, Deputy Sheriff Noel Yates, and Deputy Sheriff Ricky Abel guarded the residence until approximately 3 p.m., and that he observed Mr. King walking and he did not appear impaired.[20] Deputy Sheriffs Yates and Abel both stated that they had no occasion to observe Mr. King because they were guarding the perimeter of the home during the search and arrest.[21]

Lastly, Sheriff Craft attaches the deposition and autopsy report of Dr. Shawn Granger, the coroner for Vernon Parish.[22] Dr. Granger concluded that, based upon an autopsy and toxicology

---

[16] *Id.*

[17] *Id.*

[18] Def.'s Exs. 2-4, 8-9.

[19] *Id.*

[20] Def.'s Ex. 5.

[21] Def.'s Exs 6-7.

[22] Def.'s Ex. 10.

report, Mr. King died from a megadose of crack cocaine.[23] After initially refusing medical treatment at the station, Mr. King arrived at the hospital in cardiac arrest.[24] The physicians were able to revive Mr. King, but "his heart wouldn't survive."[25] The death was ruled accidental.[26] The autopsy further states that Mr. King had dried abrasions on his wrists and ankles, consistent with the prior application of handcuffs.[27]

In *Gates*, the Fifth Circuit affirmed summary judgment on the plaintiffs' § 1983 claim for supervisory liability against the head of the Fort Bend Sheriff's Department Sheriff Milton Wright because there was no evidence of a causal connection between training and any alleged constitutional violations. *Id.* at 436. The plaintiffs deposed Deputy Carlos Carillo, who testified that he was trained "not to enter a home if the occupant refused to grant consent and there was no warrant or exigency." *Id.* The Fifth Circuit thus concluded there was no evidence between any failure of training and any alleged constitutional violations. *Id.* The Fifth Circuit also concluded summary judgment was appropriate because one of the alleged constitutional violations did not involve any Fort Bend deputies. *Id.*

Similarly, although the plaintiff has not filed an opposition or presented this Court with any

---

[23] Granger Dep. 6:3-11. Mr. King had a documented history of ingesting large quantities of illegal substances when faced with arrest. Def.'s Ex. 1 (Craft Aff.) (noting that Mr. King also ingested large quantities of illegal substances when faced with arrest on May 4, 2004 and May 26, 2005).

[24] Granger Dep. 9:2-11.

[25] *Id.* 9:2-11.

[26] Def.'s Ex. 10 (Autopsy Report), p. 1.

[27] *Id.* at 2.

6

evidence, Sheriff Craft presents affidavits from all of his deputies that were involved with the February 8, 2007 incident, and all of the affidavits state that the deputies had received training "in the use of force appropriate in the apprehension of persons being arrested and training in the recognition for immediate medical attention."[28] Moreover, the affidavits also indicate that no deputy sheriff from the Vernon Parish Sheriff's Office participated in the arrest or booking, and thus could not have used excessive force. Lastly, the autopsy states that Mr. King died due to cardiac arrest as a result of a crack cocaine megadose. For these reasons, the Court concludes that there is no evidence of either a failure to train or a causal connection between a failure to train and any alleged constitutional violations. Moreover, there is no evidence that could create an issue of fact that Sheriff Craft acted with the deliberate indifference necessary for supervisory liability. Accordingly, Ms. Barge's claim for supervisory liability under § 1983 against Sheriff Craft is hereby DISMISSED.

B.) State Law Claims

Sheriff Craft also seeks dismissal of all state law claims against him. First, Sheriff Craft states that this Court should exercise its supplemental jurisdiction pursuant to 28 U.S.C. §1367(c) and dismiss, rather than remand, the state law claims because the state law claims are not novel or difficult. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 221-22 (5th Cir. 1999) (finding the district court abused its discretion by failing to consider the pendent state law claims, where such claims were not novel). Because this Court finds the remaining questions of state law are not novel or difficult, this Court shall consider whether Sheriff Craft is entitled to summary judgment on Ms Barge's state law claims.

---

[28] *Id.*

7

Working solely from a complaint, without the benefit of an opposition or any evidence from the plaintiff, this Court gathers that Ms. Barge alleges that the officers negligently failed to seek medical attention for her father, an inmate in their custody, and physically and brutally beat her father. In his motion for summary judgment, Sheriff Craft states that the plaintiffs' state law claims are "apparently for battery, wrongful death and [] survival." Sheriff Craft asserts that these claims are addressed pursuant to the duty-risk analysis. The Louisiana Supreme Court has stated:

> Under a duty-risk analysis, a plaintiff must prove that (1) the conduct in question was the cause-in-fact of the harm, (2) the defendant owed a duty of care to the plaintiff, (3) the defendant breached the requisite duty, and (4) the risk of harm was within the scope of protection afforded by the duty. In order for a plaintiff to recover under a negligence theory, all four inquiries must be answered affirmatively.

*Stroik v. Ponseti*, 96-2897 (La. 9/9/97); 699 So.2d 1072, 1077.

Louisiana courts have observed that police officers have "the duty of maintaining peace and order, preventing and detecting crime, and enforcing laws...[t]he duty is owed to the public in general but may be transformed into a duty to an individual where a personal or individual relationship arises between the officer and an individual..." *Courville v. City of Lake Charles*, 98-73 (La. App. 3 Cir. 10/28/98); 720 So.2d 789, 797-98. Further, "a police officer, in carrying out his authority to enforce laws, has the duty to act reasonably to protect life and limb, to refrain from causing injury or harm, and to exercise respect and concern for the well-being of those whom he is employed to protect." *Id.* Sheriff Craft's memorandum apparently concedes that his deputy sheriffs owed a duty, but argues that the plaintiff cannot show breach or causation.

Even assuming, without deciding, that a duty exists, there is no evidence in the record that suggests that the conduct in question was the cause-in-fact of the harm, or that any breach involving

Sheriff Craft or his deputy sheriffs occurred. As to causation, the autopsy concluded that Mr. King's death was a result of a megadose of crack cocaine that triggered cardiac arrest. The autopsy did not show that excessive force was used, especially not in the area "surrounding his heart," as Ms. Barge alleges.

There is no evidence in the record suggesting that Sheriff Craft or his officers breached their duties. As stated above, the affidavits submitted by the Vernon Parish deputy sheriffs demonstrate that: 1) the deputy sheriffs did not observe Mr. King because they were guarding the outside of the house, or 2) if they did observe Mr. King, they did not perceive him to be impaired. Furthermore, the affidavits all state that the Vernon Parish deputy sheriffs were not involved with Mr. King's arrest or booking, and therefore could not have participated in the alleged use of excessive force. Insofar as Ms. Barge alleges various state law claims, her failure to produce any summary judgment evidence refuting Mr. Craft's evidence leads this Court to conclude that Sheriff Craft is entitled to judgment as a matter of law; accordingly,

IT IS ORDERED that Sheriff Craft's motion for summary judgment [doc. 33] is hereby GRANTED;

IT IS FURTHER ORDERED that all claims against Sheriff Craft are hereby DISMISSED with prejudice at the plaintiff's cost.

Lake Charles, Louisiana, \_\_\_\_June 23\_\_\_\_, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE