RECEIVED
IN LAKE CHARLES, LA

SEP 10 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ASHLEY KING BARGE, ET AL.** | : | **DOCKET NO. 2:08-CV-0180** |
| **v.** | : | **JUDGE MINALDI** |
| **CITY OF LEESVILLE, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Presently before the court is a Motion in Limine [doc. 39] filed by the defendant, the City of Leesville. No opposition was timely filed. This matter is set for jury trial September 14, 2009.

### History

The plaintiff, Ashley Barge ("Barge"), asserts a §1983 claim as well as a state law survival action and a wrongful death action arising from the death of her father, Oshea King. Barge is not represented by counsel. Prior counsel filed a Motion to Withdraw, which was granted November 8, 2008. The plaintiff participated *pro se* in the telephone conference on November 12, 2008 [doc. 30] during which the Motion to Withdraw was granted and this matter was set for trial. A status conference was set for January 9, 2009, and the plaintiff was advised to make every effort to retain counsel prior to that date.

Barge participated *pro se* in the telephone conference with the Magistrate Judge on January 9, 2009 [doc. 31]. Plaintiff advised that she still planned on retaining counsel. It was explained that failure to retain counsel would not be a ground for continuing the trial.

Barge participated *pro se* in the telephone conference with the Magistrate Judge on August 14, 2009 [doc. 37]. Plaintiff advised at the onset of the conference that she was not prepared to proceed to trial as she had not retained counsel. Barge was reminded that she had been advised at the January status conference that the failure to obtain counsel would not be a ground to continue the trial. Counsel for the defendant indicated at this conference that he would file a Motion in Limine to exclude any witnesses, lay and expert, for the plaintiff due to her failure to comply with the court's scheduling orders, as well as her failure to respond to any discovery. The plaintiff was advised that she must respond to any such motion within twenty days of receipt, if she chose to do so.

The defendant filed a Motion in Limine [doc. 39] on August 14, 2009. No timely response was filed by the plaintiff.

The defendant deposed the coroner, Dr. Shawn Granger, and the emergency room physician, Dr. Reda Williams. The plaintiff did not appear nor participate in either deposition. She has scheduled no depositions of her own.

### Analysis

The Standing Order of this court is clear that expert reports must be furnished to the opposing party no later than sixty days before trial. If this deadline is not met, and the opposing party objects, the court will order that the physician concerned not testify at trial. (Standing Order ¶1C).

The plaintiff has been advised repeatedly of the dangers in self- representation. She was strongly encouraged to retain counsel. The defendant indicates that all communication with the plaintiff has been to no avail.

The plaintiff has not participated in the discovery process. She will, therefore, be prohibited

from calling any expert witness, including medical experts or physicians. The plaintiff will also be prohibited from offering any expert reports, including physician reports and medical records.

Lake Charles, Louisiana, this __10__ day of __Sept__, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE