UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ASHLEY KING BARGE** | : | **DOCKET NO. 2:08-CV-180** |
| **VS.** | : | **JUDGE MINALDI** |
| **CITY OF LEESVILLE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Plaintiff, represented by counsel, filed suit on February 7, 2008, against the City of Leesville, the Police Department of Leesville, the Sheriff's Department of Vernon Parish, and Sheriff John Craft, the Sheriff of Vernon Parish. Her suit seeks relief pursuant to 42 U.S.C. §§ 1981, 1983, 1985(2),(3), 1986, and 1988, as well as state law tort claims, including survival and wrongful death actions, arising from injuries to and the death of her father. Doc. 1. After proceedings were had, this matter was set for trial for September 14, 2009. Doc. 30.

On the morning trial was scheduled to begin, Judge Minaldi referred this case to the undersigned to hold an evidentiary hearing as to why the case should not be dismissed. Doc. 64. After conducting said hearing on September 14, 2009, the undersigned recommends that the case be dismissed with prejudice.

**I.**

Review of this record shows that on September 25, 2008, plaintiff's attorney filed an Unopposed Motion to Withdraw from this case. Doc. 20. The court fixed the motion for hearing on October 9, 2008, to be considered at the same time as the previously fixed scheduling conference. Doc. 21.

1

On October 9, 2008, the court held the scheduling conference and considered plaintiff attorney's Motion to Withdraw. Doc. 27. Plaintiff's attorney and counsel for defendants participated by telephone. The court indicated its hesitation to grant the Motion to Withdraw as it appeared from the language of the motion that consent to withdraw was given not to counsel by plaintiff herself but by individual purporting to act on her behalf. After discussion, the court reset the scheduling conference for November 12, 2008, to allow plaintiff time to retain new counsel. The court instructed that:

> If new counsel has not been retained by the time of the next conference, plaintiff personally is to participate in the conference and at that conference the court will again address the request of [plaintiff's counsel] to withdraw. If new counsel is not retained prior to the conference, [plaintiff's counsel] will be allowed to withdraw at that time.

*Id*.

On November 12, 2008, the court held the scheduling conference. Doc. 30. Plaintiff, in proper person, plaintiff's counsel, and counsel for defendants participated by telephone. Plaintiff had not retained new counsel. After indicating it would grant plaintiff counsel's Motion to Withdraw the court explained to plaintiff that she would be responsible for representing herself until retaining new counsel. At this time, plaintiff provided a cell phone number and advised the court that her home address was 713 Anacoco Street, Leesville, LA 71446. The court fixed the case for jury trial on September 14, 2009, with a pretrial conference to occur on August 14, 2009. *Id.*

At that same scheduling conference the court set a telephone status conference for January 9, 2009. The court explained that "[t]he purpose of [the status conference] is to review the status of plaintiff's representation." *Id.* The court instructed plaintiff to make every effort to retain counsel before the status conference and "that she has been given sufficient time to retain

counsel and that her inability to find counsel to represent her on this claim will be no grounds for a continuance of th[e] trial date." *Id*.

The status conference was held January 9, 2009, as scheduled. Doc. 31. By telephone, plaintiff participated in proper person along with defendants' counsel. Plaintiff provided a new cell phone number and advised the court that she was still receiving mail at the address she provided on November 12, 2008, but that her current address was 801 N. Gladys St., Leesville, LA 71446. Plaintiff informed the court that she had still not retained counsel, but that she still intended to do so. The court again "explained to plaintiff that there will be no continuance granted of the currently scheduled trial date . . . on the basis of her being unrepresented, that she has been unrepresented since [November 12, 2008], and that she has already had ample time to retain counsel [and that she still had ample time]." *Id*. Finally, the again court explained to plaintiff that she should be prepared to represent herself if she does not retain new counsel.

On May 11, 2009, defendant John Craft, submitted a motion for summary judgment. Doc. 32. Plaintiff did not oppose this motion. On June 23, 2009, the court granted the motion for summary judgment and dismissed all claims against John Craft with prejudice at plaintiff's cost. Doc. 34. After the dismissal of John Craft, the City of Leesville became the only defendant remaining in the case.[1]

On August 14, 2009, the court held a final pretrial conference. Doc. 37. Plaintiff participated in proper person along with counsel for the only remaining defendant, the City of Leesville. Plaintiff indicated she was not prepared to proceed to trial as she was unrepresented. The court reminded plaintiff that it explicitly informed her at the November 12, 2008, scheduling conference, and the January 9, 2009, status conference, that since she had ample time to obtain

---

[1] The court granted motions to dismiss the Sheriff's Department of Vernon Parish on April 29, 2008, and the Police Department of Leesville on June 3, 2008. Doc. 16, 18.

3

counsel when those conferences occurred that it would not grant a motion to continue the trial. The court reiterated that "lack of representation could not be relied upon by [plaintiff] to continue the trial date, and that she must be prepared to proceed on her own if unrepresented by time of trial." *Id*.

Also at said conference, defense counsel indicated he would file a Motion in Limine requesting that the court exclude any witnesses for plaintiff because plaintiff had not complied with the court's scheduling order by failing to provide a witness list. The court instructed plaintiff that she must respond to defendant's motion within twenty (20) days upon receipt if she chose to do so.

On August 14, 2009, the defendant filed a Motion in Limine. Doc. 39. Defendant stated that plaintiff has not responded to pleadings, documents, notices, or any other communication. Doc. 39-1, at 2. Defendant also stated that plaintiff did not appear at the depositions of the emergency room physician that treated her father or the coroner. Plaintiff also had not identified any experts, including physicians, pursuant to the court's scheduling order. For these reasons, defendant requested that the court prohibit plaintiff from calling any expert witnesses or offering any expert reports.

On August 27, 2009, defendant filed a First Supplemental Motion in Limine. Doc. 44. In this motion, defendant stated that plaintiff has not provided a witness list, exhibit list, or pretrial statement. Doc. 44-1, at 1. Therefore, defendant requested that the court prohibit plaintiff from calling any lay witnesses or offering any exhibits at trial.

On September 1, 2009, the court ordered that plaintiff must respond to defendant's motions by September 8, 2009. Doc. 48. Plaintiff never responded to either motion. On September 10, 2009, the court granted the Motion in Limine and the First Supplemental Motion

in Limine. Doc. 58, 60. In so doing, the court determined that plaintiff was prohibited from calling any lay witnesses or expert witnesses or offering any expert reports or any exhibits at trial. *Id.*

Meanwhile, on September 8, 2009, less than one week before the trial date, a motion was filed on behalf of plaintiff seeking to enroll two attorneys as counsel "for the limited purpose of representing the plaintiff in connection with a motion to continue the jury trial . . . ." Doc. 50. The attorneys seeking to enroll as counsel also filed a motion to continue the trial. Doc. 52. The court denied both motions. Doc. 62, 63.

After referral to the undersigned for hearing on September 14, 2009, and after review of the record as set forth above, plaintiff was given an opportunity to offer grounds why the court should not dismiss this proceeding. Plaintiff admitted that she had no admissible evidence to prove her case and said that she did not know how she would prove her case. Plaintiff admitted that she had received the discovery sent by defendant at both the Anacoco Street and Gladys Street addresses and that she had not responded to the discovery. She offered that she did not respond to the discovery because she did not understand it.

Defendant submitted to the court at hearing that it has had little to no communication with plaintiff since November 12, 2008. Defendant restated that plaintiff did not appear for depositions and never responded to discovery requests. Plaintiff disputed neither of these statements. Defendant then requested that the court dismiss the case with prejudice because of plaintiff's failure to follow court orders and for failure to prosecute.

**II.**

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." The district court also has

5

the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

In this case, plaintiff has failed to take an active role in prosecuting her claim. Plaintiff has failed to respond to discovery or file any documents on her own behalf in compliance with the federal rules or the court's orders. Plaintiff appeared for trial without submitting witness or exhibit lists or a pretrial statement. Since plaintiff failed to comply with court orders, the court granted defendant's motions in limine, precluding plaintiff form introducing any evidence or calling any witnesses.

On several occasions this court took substantial extra effort to advise plaintiff that she must take responsibility for representing herself or retain counsel to represent her, first at the November 12, 2008, scheduling conference and then again at the January 9, 2009, status conference. At both conferences, the court advised plaintiff that the court would not grant a continuance of the trial based on her inability to retain counsel.

For the foregoing reasons, IT IS RECOMMENDED that this action be DISMISSED WITH PREJUDICE with costs to plaintiff.

Under the provisions of 28 U.S.C. 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS

DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 21st day of September, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE